# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

THE EICHHOLZ LAW FIRM, P.C., )
and DAVID S. EICHHOLZ, )
 )
    Plaintiffs, )
 )
v. ) Case No. CV414-172
 )
JEFF MARTIN & ASSOCIATES, P.C., )
and JEFF MARTIN )
 )
    Defendants. )

# **ORDER**

Previously, defendant Jeff Martin filed an emergency motion asking the Court to require that his deposition be taken in Oklahoma (or telephonically), not Savannah, Georgia, as originally noticed. Doc. 25. The Court instead ordered the parties to explain (1) why they waited so long to notice a party-opponent deposition; (2) what steps they took to confer before coming to the Court for redress; (3) why the third discovery extension was inadequate to complete all depositions; and (4) why they noticed the deposition for Georgia instead of Oklahoma. Doc. 26 at 4. The parties timely complied and the Court has reviewed their briefs. It is satisfied by the parties' explanations of (1) through (3).[1]

---

[1] Without wading too deep into what at this point are messy, irrelevant, details about discovery, the Court notes that the parties conferred about depositions amidst intense,

That leaves Martin's deposition. The Court readily concludes -- and Martin does not object -- that plaintiffs should be able to depose Martin, particularly since Martin deposed plaintiff David Eichholz and Benjamin Eichholz (a non-party) on June 22, 2015. Doc. 27 at 2. Where that deposition should take place remains a contested issue.

Even so, the Court **ORDERS** the parties to confer once more on the location of Martin's deposition and whether it can be conducted telephonically (as were the Eichholzes' depositions). They have 7 days from the date this Order is served to do so, and to jointly notify the Court of their decision (or lack thereof).[2] Regardless, the deposition must be completed within 30 days from the date this Order is served. Dispositive motions will be due 30 days after that date.

---

June 12-17, 2015 settlement negotiations that ultimately failed. See doc. 27 at 2. Ideally parties would have potential deposition timetables and locations agreed to in advance of down-to-the-wire settlement negotiations, and would manage their discovery period better, particularly in light of the many extensions the Court granted. But the Court senses no foul odor flowing from either the timing of defendants' motion or plaintiffs' deposition notice to Martin.

[2] The parties should know that, if they fail to agree on where to depose Martin, the Court can deploy a broad range of responses, not all of which they will like. Reasonable people should be able to compromise and arrive at an acceptable solution to a problem like this. If the parties can't "untangle [this Gordian knot] without enlisting the assistance of the federal courts," the Court may "fashion a new form of alternative dispute resolution" to resolve the matter, or will unilaterally decide the best location. *Avista Mgmt., Inc. v. Wausau Underwriters Ins. Co.*, 2006 WL 1562246 at * 1 (M.D. Fla. June 6, 2006) (ordering counsel to either decide on the location for a 30(b)(6) deposition, or else appear on the courthouse steps in Tampa, Florida and play "rock, paper, scissors," the winner of which decided the deposition location).

**SO ORDERED** this  22nd  day of July, 2015.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA