IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THE EICHHOLZ LAW FIRM, P.C. )
and DAVID S. EICHHOLZ, )
 )
 Plaintiffs, )
 )
 ) CASE NO. CV414-172
v. )
 )
JEFF MARTIN & ASSOCIATES, )
P.C. and JEFF MARTIN, )
 )
 Defendants. )
 )

## ORDER

Before the Court are Defendants' Motion for Summary Judgment (Doc. 31) and Plaintiffs' Motion for Summary Judgment (Doc. 33). For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiffs' Motion for Summary Judgment is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

In January of 2009, Plaintiff The Eichholz Law Firm, P.C. ("Eichholz") and Tate Law Group ("Tate") entered into an agreement (the "Tate-Eichholz Agreement") for the solicitation and settlement of cases stemming from the use of Oral Sodium Phosphate (the "OSP cases"). (Doc. 31 at 2.) As a result of this agreement, Benjamin Eichholz—then a primary member of Plaintiff Eichholz—hosted a

teleconference with various attorneys, including Defendant Jeff Martin—an attorney with Defendant Jeff Martin & Associates, P.C.—regarding the possibility of receiving referral fees for advertising for OSP cases. (Doc. 34 at 3.) Benjamin Eichholz explained that Tate had agreed to pay a referral fee of 40% of the recovered contingency fee for any successful OSP case. After the teleconference, Plaintiffs and Defendants entered into an agreement (the "Eichholz-Martin Agreement") whereby the two parties would undertake advertising for OSP cases in Arizona. (Id.) The parties agreed to split up advertising responsibilities into two markets: Phoenix and Tucson. (Id.) Defendants would advertise in Phoenix while Plaintiffs would advertise in Tucson. (Id. at 4) The parties agreed to split the cost of advertising equally. (Id.)

Clients found through this process who the parties determined were good candidates for filing OSP cases were referred to Tate Law Group. (Id.) The individual clients signed a contingency fee agreement with either Plaintiffs or Defendants depending on which market the client came from. (Id.) For example, clients based in Phoenix signed with Defendants and clients based in Tucson signed with Plaintiff Eichholz. (Id.) However, both Defendants and Plaintiffs agreed to split equally between themselves any

2

referral fee Tate paid. (Id. at 5.) Therefore, Defendants and Plaintiffs would each receive 20% of any fee regardless of which entity signed the OSP plaintiff. (Id.)

The agreement fell apart when Mr. Benjamin Eichholz was indicted for numerous felony crimes in August of 2009. (Doc. 31 at 4.) Mr. Benjamin Eichholz pled guilty and began to serve a 21 month sentence in March of 2010. (Id.) Tate reached out to any clients referred by Plaintiff Eichholz to inform them of the situation. Tate also informed these clients that they were entitled to discharge Plaintiffs as counsel. (Id. at 5.) All of the clients chose to discharge Plaintiffs because of Mr. Benjamin Eichholz's behavior. (Id. at 5.)

After Tate successfully recovered on certain OSP cases in which Plaintiffs had previously been an attorney of record, Plaintiff Eichholz filed suit against Tate seeking to recover contingency fees that it alleged were due pursuant to the Tate-Eichholz Agreement.[1] (Doc. 31, Attach. 1; Doc. 35 at 5.) The State Court of Chatham County determined that Plaintiff Eichholz was not entitled to recover any funds connected to a contingency fee where

---

[1] The litigation involved the agreement between Plaintiff Eichholz and Tate, Defendants were not parties and the litigation does not reference the Eichholz-Martin Agreement. (Doc. 35 at 5.)

3

Plaintiff Eichholz had been discharged prior to the recovery of that fee. (Doc. 31, Attach. 1 at 7.) While the State Court of Chatham County acknowledged that Plaintiff Eichholz could likely recover from Tate in quantum meruit, it specifically denied Plaintiff Eichholz the ability to recover "any attorney's fees under the fee splitting agreements."[2] (Id. at 8.) The Court o

f Appeals of Georgia upheld this decision and cited to Kirschner & Venker, P.C. v. Taylor & Martino, P.C., 277 Ga. App. 512, 513, 627 S.E.2d 112 (2006), for the proposition that "[w]hen the contingency justifying a fee has not yet occurred, the discharged attorney has no basis for collecting a fee connected to that contingency." (Doc. 31, Attach. 1 at 15.)

In March of 2011, Plaintiff David Eichholz reached out to Defendants and stated "if [Tate] is not going to pay me the 20% then he should pay the entire 40% to you based on your agreement with him and as he previously represented. If I was terminated, then the windfall should go to you, not him." (Id. at 34.) As a result, Defendants reached out

---

[2] The Georgia Court of Appeals has since upheld a judgment denying Plaintiff Eichholz the ability to recover in quantum meruit because it was unable to show "evidence as to the reasonable value of the services rendered by the Eichholz firm to either the Tate firm or the firms' mutual clients." Eichholz Law Firm, P.C. v. Tate Law Grp., LLC, 336 Ga. App. 764, 783 S.E.2d 466, 469 (2016).

4

to Tate and arranged payment for two clients solicited through the Eichholz-Martin Agreement—Schneider and Gress—for whom Tate had obtained settlements.[3] (Doc. 34 at 5.) Tate agreed to pay Defendants the full 40% fee so long as Defendants agreed not to provide any of the recovery to Plaintiff Eichholz. (Doc. 31 at 7.)

However, Plaintiffs later contacted Defendant Jeff Martin and laid claim to half of the funds recovered from Tate. (Id.) Defendants determined that such a payment would violate the terms of the Chatham County Court Order and declined to pay Plaintiffs. (Id.; Doc. 35 at 6.) On August 11, 2014, Plaintiffs filed a declaratory judgment action against Defendants seeking an order from this Court declaring that Defendants must pay half of the recovered funds to Plaintiffs in accordance with the Eichholz-Martin Agreement. (Doc. 1.) On October 30, 2014, Plaintiffs amended their complaint and added three additional counts, one for breach of contract, one for recovery in quantum meruit, and one for unjust enrichment. (Doc. 11.) Plaintiffs seek as damages $111,500.00, representing fifty percent of the referral fees paid to Defendants, as well as fifty percent of all future referral fees paid to

---

[3] Mr. Benjamin Eichholz alleges that both Schneider and Gress were clients of Plaintiffs. (Doc. 34 at 5.)

5

Defendants as a result of the advertising program. (Id. at 6-7.) Plaintiffs are also seeking the reasonable value of their services and property. (Id. at 7.)

**ANALYSIS**

I. SUMMARY JUDGMENT STANDARD

According to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether

an element is essential. <u>DeLong Equip. Co. v. Wash. Mills Abrasive Co.</u>, 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex</u>, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. <u>Matsushita</u>, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Id.</u> at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. <u>See, e.g.</u>, <u>Tidwell v. Carter Prods.</u>, 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then

the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

II. FULL FAITH AND CREDIT

Defendants allege that the Chatham County Court decisions prohibit Plaintiffs' recovery. (Doc. 31 at 9.) In response, Plaintiffs claim that the Chatham County Court decisions barring the recovery of Tate's contingency fees do not bind the Court because those decisions applied only to the Tate-Eichholz Agreement and not the Eichholz-Martin Agreement. (Doc. 40 at 6); see Union & Planters' Bank of Memphis v. City of Memphis, 189 U.S. 71 (1903). In this regard, Plaintiffs argue that the fee Tate paid to Defendants should be considered a "referral fee" not subject to the Chatham County Court ruling because the fee was not predicated on an attorney client relationship. (Doc. 40 at 6.)

A state court decision has preclusive effect in federal court pursuant to the Full Faith and Credit Clause of the United States Constitution and 28 U.S.C. § 1738. Those provisions require that "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land."

8

Baker ex rel. Thomas v. Gen. Motors Corp., 522 U.S. 222, 232-33 (1998) (citations omitted). "Determining the preclusive effect of a state court judgment requires [the Court] 'to refer to the preclusion law of the State in which judgment was rendered.'" Vasquez v. YII Shipping Co., Ltd., 692 F.3d 1192, 1196 n.2 (11th Cir. 2012) (citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)). In Georgia, "[a] party seeking to invoke res judicata on the basis of a prior judgment [under Georgia law] must establish three prerequisites: (1) identity of parties, (2) identity of the causes of action, and (3) adjudication on the merits by a court of competent jurisdiction in which the parties had a full and fair opportunity to litigate the relevant issues." Akin v. PAFEC Ltd., 991 F.2d 1550, 1556 (11th Cir. 1993) (citing Ga. Code. Ann. § 9-12-42; Fowler v. Vineyard, 261 Ga. 454, 405 S.E.2d 678, 680 (1991); Norris v. Atlanta & West Point R.R. Co., 254 Ga. 684, 333 S.E.2d 835, 837 (1985)); see also Endsley v. City of Macon, 321 F. App'x 811, 813 (11th Cir. 2008). In this case, the parties are not identical. Defendants were not a party to the case in Chatham County Court and, accordingly, did not have a full and fair opportunity to litigate the relevant issues. Moreover, Plaintiff David S. Eichholz was not a named party in the

9

Chatham County Court case. (Doc. 31, Attach. 1 at 2.) As a result, the Chatham County Court decisions do not require a verdict in favor of Defendants.

III. DECLARATORY JUDGMENT

While the Chatham County Court and Georgia Court of Appeals decisions do not control the outcome of this case, the Court finds their reasoning instructive. In this case, Plaintiffs allege that an OSP "client would sign a contingency fee agreement with Tate and the particular firm with whom he or she was corresponding, but not the other firm." (Doc. 34 at 4.) Plaintiffs also allege that the two OSP settlements at issue in this case "were clients of Plaintiffs." (Id. at 5.) Finally, all OSP plaintiffs terminated their relationships with Plaintiffs prior to entering into a settlement. (Doc. 31 at 5.) The Chatham County Court recognized that "[w]hen the contingency justifying a fee has not yet occurred, the discharged attorney has no basis for collecting a fee connected to that contingency." Kirschner, 277 Ga. App. at 513, 627 S.E.2d at 113 (citing Ellerin & Assoc. v. Brawley, 263 Ga. App. 860, 862, 589 S.E.2d 626 (2003)).

Because all OSP clients terminated Plaintiffs prior to recovery, Kirschner forbids Plaintiffs from recovering funds that stem from their former clients' settlements. The

fact that the payment Plaintiffs are seeking is part of the Eichholz-Martin Agreement does not alter this analysis. The money from the Eichholz-Martin Agreement was the result of, and connected to, a contingency fee. Who would receive the settlement proceeds was disclosed to all OSP plaintiffs prior to settlement and approved by those OSP plaintiffs. (Doc. 39, Attach. 1.) As a result, Plaintiffs are not entitled to recover on that contingency, or any future contingency stemming from the OSP cases, because Plaintiffs were terminated from representation prior to settlement.[4] Accordingly, Defendants' Motion for Summary Judgment as to Plaintiffs' declaratory judgment claim is **GRANTED**.

IV. BREACH OF CONTRACT

Moreover, Plaintiffs may not recover for a breach of contract. To recover on a claim for breach of contract in Georgia a plaintiff must establish "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Norton v. Budget Rent A Car Sys., Inc., 307 Ga. App. 501, 502, 705 S.E.2d 305, 306 (2010) (citing Kuritzky v. Emory Univ., 294 Ga.

---

[4] Plaintiffs allege that if the Georgia Court rulings apply, then Defendants are not entitled to recover any funds. (Doc. 34 at 16.) However, that is not the question before the Court and the Court declines to offer an opinion on whether Defendants are properly entitled to 40% of the recovered contingency.

11

App. 370, 371, 669 S.E.2d 179 (2008)). However, Georgia Rule of Professional Conduct 1.5 allows a division of fees between lawyers who are not of the same firm only if

> (1) the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation; (2) the client is advised of the share that each lawyer is to receive and does not object to the participation of all the lawyers involved; and (3) the total fee is reasonable.

Finally, a Georgia Court will not enforce a contract that is illegal. Sears, Roebuck & Co. v. Parsons, 260 Ga. 824, 824, 401 S.E.2d 4, 4-5 (1991) (declining to enforce a contract because the "contingency scheme of compensation for those services" was "void as against public policy").

Here, Plaintiffs allege that (1) Defendants have breached the contract by failing to pay the 50% of the fee they earned from Tate; (2) Plaintiffs were damaged in that they did not receive the $111,159.74 to which they were entitled; and (3) Plaintiffs are the party entitled to complain about the contract being broken. (Doc. 34 at 9-10.) Plaintiffs are correct that Defendants have admitted to the elements of a breach of contract claim. However, the fee cannot be split with Plaintiffs under Kirschner because the clients have objected to Plaintiffs' participation.

Similarly, the agreement does not comport with Rule 1.5[5] because Plaintiffs were fired as attorneys in the OSP cases. (Doc. 31 at 5.) Accordingly, there is no basis to allow Plaintiffs to recover pursuant to the fee splitting arrangement between Plaintiffs and Defendants because the agreement itself has become unenforceable. See Brandon v. Newman, 243 Ga. App. 183, 186, 532 S.E.2d 743, 747 (2000) (refusing to allow recovery on referral agreement that was "contrary to good morals and law, was entered into (in part) for the purpose of effecting an illegal or immoral agreement, and was obtained in violation of the applicable ethical standards which are enforceable in Georgia by disbarment"). Accordingly, Defendants' Motion for Summary Judgment as to Plaintiffs' breach of contract claim is **GRANTED**.

V. QUANTUM MERUIT AND UNJUST ENRICHMENT

In Georgia, a plaintiff may recover damages in quantum meruit if they show "(1) the performance of valuable services; (2) accepted by the recipient or at his request; (3) the failure to compensate the provider would be unjust; and (4) the provider expected compensation at the time services were rendered." Amend v. 485 Props., 280 Ga. 327,

---

[5] Arizona also requires that a client agree to attorneys splitting fees. Ariz. Rules of Prof'l Conduct 1.5.

13

329, 627 S.E.2d 565, 567 (2006) (citing Hollifield v. Monte Vista Biblical Gardens, 251 Ga. App. 124, 128, 553 S.E.2d 662 (2001)). "In the absence of an enforceable contingency fee agreement, an attorney seeking quantum meruit damages must show the number of hours the attorney worked on the matter, his hourly rate, or any other evidence sufficient to prove 'the reasonable value of the attorney's services.'" Eichholz Law Firm, P.C. v. Tate Law Grp., LLC, 336 Ga. App. 764, 783 S.E.2d 466, 468 (2016) (quoting Overman v. All Cities Transfer Co., 176 Ga. App. 436, 438, 336 S.E.2d 341, 343 (1985)). Unjust enrichment "is basically an equitable doctrine that the benefitted party equitably ought to either return or compensate for the conferred benefits when there was no legal contract to pay." Hutchins v. Cochran, Cherry, Givens, Smith & Sistrunk, P.C., 332 Ga. App. 139, 144, 770 S.E.2d 668, 673 (2015) (quoting Bedsole v. Action Outdoor Advert. JV, LLC, 325 Ga. App. 194, 200, 750 S.E.2d 445, 452 (2013)).

However, the doctrine of unclean hands operates to bar equitable recovery like unjust enrichment and quantum meruit. Under the doctrine of unclean hands, "he who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." Ga. Code. Ann. § 23-1-10. "To assert

14

the doctrine successfully, a party must demonstrate that the wrongdoing is directly related to the claim against which unclean hands is asserted." Matrix Fin. Servs., Inc. v. Dean, 288 Ga. App. 666, 669-70, 655 S.E.2d 290, 294 (2007) (citing Adams v. Crowell, 157 Ga. App. 576, 577, 278 S.E.2d 151, 152 (1981)).

Plaintiffs cannot receive recovery in unjust enrichment or quantum meruit here. As an initial matter, there is no evidence that Plaintiffs expected Defendants to be responsible for costs or expenses that they incurred. See Amend, 280 Ga. at 329, 627 S.E.2d at 567; Morris v. Britt, 275 Ga. App. 293, 294, 620 S.E.2d 422, 424 (2005) ("For unjust enrichment to apply, the party conferring the labor and things of value must act with the expectation that the other will be responsible for the cost.") (quotations omitted). Instead, the parties specifically agreed that they would be equally responsible for the cost of the advertising. (Doc. 34 at 4.) Further, there are no allegations that Defendants spent less for advertising than Plaintiffs. To the extent that Plaintiffs did have any expectation of compensation, it was that Tate would compensate Plaintiffs via the payment of referral fees.[6]

---

[6] Plaintiffs' statement that "[t]he expectation, of course, was that the parties would each be fully reimbursed their

15

Moreover, Plaintiffs are barred from recovering due to the doctrine of unclean hands. First, Plaintiff Eichholz was fired as counsel of record from the OSP cases. (Doc. 31 at 5.) Plaintiff Eichholz filed a lawsuit against Tate in Georgia state court to recover contingency fees. The Georgia courts denied Plaintiff Eichholz's claim because they were fired before any contingency fee was recovered. Next, Plaintiff David S. Eichholz reached out to Defendants and urged them to accept the full payment from Tate because "[i]f I was terminated, then the windfall should go to you, not him." (Doc. 31, Attach. 1 at 34.) Defendants accepted payment on the basis that Plaintiffs could not recover and would not seek recovery. Plaintiffs now seek to recover money in federal court that they were prohibited from receiving by the Georgia courts after inducing Defendants to accept the full fee from Tate. This they cannot do. Accordingly, Defendants' Motion for Summary Judgment as to Plaintiffs' claims for quantum meruit and unjust enrichment are **GRANTED**.

---

expenses and receive a profit from their split of the Arizona referral fees" does not change this analysis. (Doc. 40 at 9.) The statement fails to provide any evidence that the Plaintiffs expected Defendants to be responsible for their expenses at the time they rendered the service.

## CONCLUSION

For the following reasons, Defendants' Motion for Summary Judgment (Doc. 31) is **GRANTED**. Plaintiffs' Motion for Summary Judgment (Doc. 33) is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 24th day of August 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA